UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFERY WALKER,

Plaintiff,

v.

SGT. IBARRA, et al.,

Defendants.

Case No. 5:25-cv-07745 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

Plaintiff, a civil detainee at the San Francisco County Jail ("CJ2"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers and medical staff at CJ2. Dkt. No. 1. On January 13, 2026, the Court screened the complaint and granted leave to amend to correct the deficiencies with respect to various claims. Dkt. No. 9. In the alternative, Plaintiff could file notice that he wished to strike the deficient claims and proceed on the following cognizable claims: (1) excessive force and sexual assault claims against Defendants Mohamed and Tillory, and (2) denial of medical care claim against Nurse Jane Does 1-2 and Nurse John Doe 3. Id. at 4-5. Plaintiff was advised that failure to respond to the order in the time provided would result in the dismissal with prejudice of the deficient claims for failure to state a claim and the action proceeding on the cognizable claims. Id.

The time to respond has passed with no response from Plaintiff. Accordingly, the Court will dismiss the deficient claims with prejudice and order service of the cognizable claims against the appropriate defendants.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a

governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.**  **Plaintiff's Claims**

Below is the Court's discussion of the cognizable claims in the complaint from the screening order:

Plaintiff is a civil detainee on a commitment hold at CJ2.  Dkt. No. 1 at 5. He names the following as defendants: (1) Sgt. Ibarra; (2) Officer Tillory; (3) Officer Mohamed; (4) Sgt. Rice; (5) Captain Collins; (6) Dr. Asa; (7) Nurse Jane Does 1-2; and (8) Nurse John Doe 3.  Dkt. No. 1 at 2-3.

Plaintiff claims that on October 20, 2024, he had a "man down" due to chest pain; he lay on the floor near the door to his cell in E16.  Id. Defendant Deputy Mohamed opened his cell door, and several nurses, Jane Does 1-2 and John Doe 3, came to examine him.  Id. at 6.  Plaintiff was not coherent and was feeling dizzy and nauseous.  Id.  Plaintiff claims that he was denied an EKG and medical assistance, and that he was left on the cold hard floor "to die" while he was injured and his right arm was pinned under his body; he was unable to get up on his own.  Id.

After medical left, Defendant Mohamed threatened to harm Plaintiff if he did not get him, then called Defendant Sgt. Rice.  Id.  Plaintiff explained that he could not get up, that he was injured and had chest pain.  Id. Defendant Rice refused to help Plaintiff get up or to get medical to assist with his chest pain.  Id.  Defendant Rice then told Defendant Mohamed that he was leaving the matter to him and Deputy Tillory and left.  Id. at 7. Defendant Mohamed threatened to throw Plaintiff into his cell if he did not get up.  Id.  Then Defendant Tillory, Defendant Mohamed's training officer, arrived and together they grabbed Plaintiff's left arm, the side with Plaintiff's dialysis fistula, which causes "excruciating pain" in Plaintiff's arm and lower back.  Id.  Plaintiff attempted to roll under the table in fear for his life.  Id.  Defendant Tillory tried to break Plaintiff's leg against the metal table, and then Defendants dragged Plaintiff on the ground, assaulting him with punches to his body; they picked him up off the ground and threw him into his cell.  Id.  Inside the cell, Plaintiff claims that he was hit, kicked, and "felt 'sexually assaulted,'" claiming he felt something "as if went into his rectal area."  Id. at 8.  He was left on the floor of his cell, injured and

2

bleeding from cuts on his body, and unable to get up.  Id.  He was also unable to hold his bowels, urinating and defecating on himself.  Id.  Towards 2 a.m., Plaintiff was able to use a chair and bed bar to sit up after the dizziness faded.  Id.

¶…¶

Based on the above allegations, Plaintiff asserts claims of excessive force, deliberate indifference to serious medical needs, and retaliation, citing the Fourteenth, First, Fifth, and Eighth Amendments.  Id. at 4.

### 1.   Excessive force and sexual assault

From the information provided in another action, Plaintiff has been civilly committed under California's Sexually Violent Predator Act ("SVPA"), and is therefore an "SVP."[1]  "Persons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish."  Youngberg v. Romeo, 457 U.S. 307, 321-22 (1982).  Under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons retain substantive liberty interests, which include at least the right to basic necessities such as adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom from unnecessary bodily restraint.  Id. at 315-16.

Liberally construed, Plaintiff's allegations of excessive force and sexual assault against Defendants Mohamed and Tillory are sufficient to state cognizable claims under the Fourteenth Amendment because such actions, if true, were clearly punitive.

¶…¶

### 3.   Denial of medical care

Plaintiff's allegations that Nurse Jane Does 1-2, Nurse John Doe 3, and Dr. Asa denied him treatment for his injuries implicate his right to medical care as a basic necessity under the Fourteenth Amendment.  See Youngberg, 457 U.S. at 315-16.  The allegations are sufficient to establish a claim against Doe Defendants.  However, the allegations are conclusory with respect to Dr. Asa as Plaintiff provides no specific facts establishing Dr. Asa is liable for the denial of adequate medical care, e.g., how and when he interacted with Dr. Asa, his actions or inactions in response to Plaintiff's medical needs, and the resulting injury to Plaintiff.

Dkt. No. 9 at 3-5.  Based on Plaintiff's failure to file an amended complaint to correct the deficiencies of several claims, this action shall proceed solely on the above identified cognizable claims, and all other claims and defendants shall be DISMISSED from the

---

[1] See Walker v. Guzman, et al., Case No. 22-cv-00904 EJD, Dkt. No. 18 at 5, fn. 1.

3

complaint.

This action can also proceed against the Jane and John Doe Nurses if Plaintiff can identify their names through discovery.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. As stated in the Court's screening order, the following claims are **DISMISSED with prejudice** for failure to state a cognizable claim: (1) claims under the Eighth Amendment, (2) PREA claims, and (3) claims under the Fifth Amendment.  Dkt. No. 9 at 8.

The following deficient claims are also **DISMISSED with prejudice** for failure to state a claim: (1) Fourteenth Amendment medical claim against Dr. Asa; (2) retaliation claim as to all defendants; and (3) supervisor liability claims against Sgt. Rice and Sheriff Miyamoto.  Id. at 4-7.

2. This action shall proceed solely on the following claims: (1) excessive force and sexual assault claims against Defendants Mohamed and Tillory, and (2) denial of medical care claim against Nurse Jane Does 1-2 and Nurse John Doe 3.

The Clerk shall terminate all other defendants from this action as all other claims have been dismissed from the complaint.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (Dkt. No. 1), and a copy of this order upon Defendants Officer Mohamed and Officer Tillory via the **Office of Chief Legal Counsel for Sheriff's Dept**. (Sheriff's Dept., Room 456, One Dr. Carlton B. Goodlett Place, San Francisco, CA 94102, Attn. Mark Nicco).  The Clerk shall also mail a copy of this order to Plaintiff.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with

United States District Court
Northern District of California

respect to the claims in the complaint found to be cognizable above.

a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Woods v. Carey, 684 F.3d 934, 940 (9th Cir. 2012).**

5.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8.    All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true

United States District Court
Northern District of California

5

United States District Court
Northern District of California

copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. While conducting discovery, Plaintiff is directed to attempt to ascertain the name of the unidentified Nurse Jane Does 1-2 and Nurse John Doe 3 and file a motion to substitute the amended complaint with these Defendants' proper names **no later than fifty-six (56) days** from the date this order is filed. Failure to do so will result in the dismissal of the claim against these Doe Defendants for failure to state a claim for relief.

11. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

12. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: February 24, 2026

_____
EDWARD J. DAVILA
United States District Judge